502 P.2d 568

**AUTOMOTIVE PRODUCTS CORPORATION, Plaintiff and Respondent,**

v.

**PROVO CITY CORPORATION, Defendant and Appellant.**

No. 12790.

Supreme Court of Utah.

Oct. 30, 1972.

---

Glen J. Ellis, Provo, for defendant and appellant.

A. Dean Jeffs, of Jeffs & Jeffs, Provo, for plaintiff and respondent.

TUCKETT, Justice.

The plaintiff filed its complaint in the District Court of Utah County wherein it asserts a right to be compensated for land taken and occupied by the City for street purposes. The City did not proceed under its power of eminent domain to acquire the property, and in these proceedings the City claims that the plaintiff dedicated the land to the City.

In 1946 the plaintiff acquired a tract of land fronting upon 1230 North Street in Provo City, having a depth of 120 feet and extending from University Avenue eastward a distance of 271 feet. Prior to 1955, the City had adopted a master street plan which delineated 1230 North Street as having a width of 100 feet. The planned street widening project contemplated the taking of approximately 12 feet of the plaintiff's land fronting upon the street in question.

In 1962, the plaintiff leased that portion of its land fronting upon University Avenue and 1230 North Street to the Standard Oil Company of California for the purpose of its constructing a service station. As planned, the service station would occupy a portion of the 12-foot strip of land embraced within the City's contemplated street widening project. The City refused to issue a building permit unless and until the plan was modified so as to provide for a 12-foot setback from the street. It then became necessary for the plaintiff to acquire additional property so that the service station could be constructed as planned. Subsequently the plaintiff constructed other business buildings fronting on 1230 North Street and east of the service station, and it was required to set the buildings back so as to accommodate the planned street

widening. At the time of the construction of the service station plaintiff's lessee, Standard Oil Company of California, constructed a curb and gutter along the planned street line when widened as contemplated. During the summer of 1967 the City was proceeding with its project to widen 1230 North Street, which project included the removal of utility poles, the construction of curb and gutter and extending the street paving from existing driving strips to the curb and gutter. Frank Earl, the president and manager of the plaintiff corporation, talked with the City officials about the project and the acquisition of the plaintiff's property. While Mr. Earl was out of the state for a few days, the City proceeded to construct the curb and gutter and to pave the street along the front of the plaintiff's property.

■ It is the City's contention in these proceedings that it having adopted a general street plan which was designed to promote a public convenience and the plaintiff's actions in complying with the street widening project, in addition to the plaintiff's lessee constructing a curb and gutter along the proposed line of the street, amounted to an implied dedication of the property to the City for street purposes. Implied dedication must be based upon the intention of the landowner, and that intention may be shown by words, acts, or deeds of the owner which might clearly manifest an intention to dedicate. The fact that the City prepared and filed a plat which delineated the City's streets and their widths and lengths without a showing that the plaintiff acquiesced in the plan and without a showing that it intended to be bound thereby would be insufficient to show an intention to dedicate.[1] This is distinguished from the situation where an owner of real property divides his land into lots and blocks which are intersected by streets and alleys with the intention of selling lots with reference to such plan which would indicate a manifest intention to dedicate the streets and alleys to the use of the public.

■ In this case there is nothing in the record to indicate that the plaintiff intended to dedicate its property to the public use, and on the contrary the record clearly indicates that the plaintiff, through its managing officers, objected to the City taking and occupying the property as a part of a public street. The court below found that there was no dedication of the property in question and entered judgment in favor of the plaintiff. The parties had stipulated as to the value of the property taken and judgment was entered accordingly. Thereafter the City moved for permission to reopen and to adduce evidence to the effect

1. Hall v. North Ogden City, 109 Utah 325, 175 P.2d 703; Headley v. City of Rochester, 272 N.Y. 197, 5 N.E.2d 198; Gion v. City of Santa Cruz, 2 Cal.3d 29, 84 Cal.Rptr. 162, 465 P.2d 50.

that the improvement of the City's street benefited the property of the plaintiff. After a hearing, the court found against the City on this issue. Inasmuch as no severance damages were awarded by the court, any benefits to the remaining properties of the plaintiff would have no application. The rule that benefits can only be offset as against severance damages is set forth in Section 78–34–10(2), (4), U.C.A.1953.

The judgment of the court below is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.