**Dan SIEGEL, Plaintiff and Appellant,**

v.

**SALT LAKE COUNTY COTTONWOOD SANITARY DISTRICT, Defendant and Respondent.**

**No. 17181.**

Supreme Court of Utah.

Sept. 14, 1982.

Frank J. Allen, Salt Lake City, for plaintiff and appellant.

Fred L. Finlinson, Salt Lake City, for defendant and respondent.

STEWART, Justice: ·

Plaintiff Siegel commenced this action against defendant, the Salt Lake County Cottonwood Sanitary District, seeking damages for wrongful entry on his tract of unimproved property in southeast Salt Lake County. The Sanitary District filed an answer and a counterclaim in which it asserted a right to take an easement by way of eminent domain.

Pursuant to negotiations between the parties, Siegel filed a consent to the taking of the easement, and the parties agreed that the trial court should determine two issues: (1) just compensation for the taking of the easement; and (2) Siegel's damages, if any, for the Sanitary District's wrongful entry before it had asserted its right of eminent domain.

Based on the testimony, the trial court found these essential facts: the value of the land was $50,000 per acre; the Sanitary District's installation of the sewer required condemnation of an easement over .33 acres, having a total value of $16,666, and the taking of the easement instead of a fee interest reduced that value by one-half to $8,333; and the construction of the sewer conferred a benefit of $4,000 on the remaining portions of Siegel's tract. The trial court ruled that the $4,000 should be deducted from the value of the easement taken, $8,333, and awarded Siegel $4,333. No award of interest was made.

The central issue on this appeal arises from Siegel's contention that it was improper for the trial court to reduce the value of the easement taken by the enhanced value to the remainder of that property.

The Sanitary District contends in support of the trial court's action that this action was initiated by Siegel as a trespass action, that after it answered asserting its right of eminent domain Siegel agreed to the taking, and that the parties then "consented and agreed to plenary authority in the trial court to determine just compensation for the taking of the easement, without mentioning any statutory formula." Therefore, it urges, the trial court properly could and did make an analysis of all elements of value, irrespective of the statutory formula, in arriving at the damages caused to Siegel's property.

In regard to that contention, we are not persuaded that the form which this action initially took or the particular nomenclature used should determine the nature of the

proceeding before us. In looking at all of the circumstances, it is plainly apparent that the effect of the negotiations and proceedings between the parties was that the Sanitary District was asserting a right of eminent domain to take the easement. Even though the stipulation contained no express reference to the governing statute, it is fairly and necessarily implied that the governing statute, § 78–34–10, was to be followed. It provides in pertinent part that damages should be awarded in the following instances, *inter alia:*

\* \* \* \* \* \*

(2) If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of the improvement . . . .

\* \* \* \* \* \*

(4) Separately, how much the portion not sought to be condemned, and each estate or interest therein, will be benefited, if at all, by the construction of the improvement proposed by the plaintiff. *If the benefit shall be equal to the damages assessed under subdivision (2) of this section, the owner of the parcel shall be allowed no compensation except the value of the portion taken; but if the benefit shall be less than the damages so assessed, the former shall be deducted from the latter, and the remainder shall be the only damages allowed in addition to the value of the portion taken.* (Emphasis added.)

In construing that statute in *Automotive Products Corp. v. Provo City Corp.,* 28 Utah 2d 358, 361, 502 P.2d 568, 570 (1972), this Court held:

Inasmuch as no severance damages were awarded by the court, any benefits to the remaining properties of the plaintiff would have no application. The rule that benefits can only be offset as against severance damages is set forth in Section 78–34–10(2), (4), U.C.A. 1953.

In view of the law established by *Automotive Products,* Siegel is correct in his position that because there were no severance damages, the enhancement in value of his premises by the construction of the sewer could not properly be considered. It follows that the $4,000 which the court deducted from Siegel's damages should be restored to the judgment.

Siegel also assigns error in the failure of the court to award damages for wrongful entry on his premises by the Sanitary District. He urges that even in the absence of proof of actual damages he is entitled to at least nominal damages as a matter of law. In our view the trial court was justified in finding that there was no wrongful entry. The refusal to award Siegel damages for wrongful entry is justified by the testimony of Roscoe Godfrey, the Sanitary District's district manager:

Q: At the time you made the entry and began the installation, it's been stipulated, I believe, that you did not have a grant of easement from Mr. Siegel.

A: I had a verbal agreement of the easement.

Finally, Siegel contends that the trial court committed error in not awarding interest on the damages awarded. Section 78–34–9 provides that in an award of damages for a taking in eminent domain the "judgment shall include, as part of the just compensation awarded, interest at the rate of 8% per annum on the amount finally awarded as the value of the property and damages, from the date of taking actual possession thereof by the plaintiff or order of occupancy, whichever is earlier."

The evidence is that the Sanitary District's entry into Siegel's premises occurred on November 19, 1976. It follows as a matter of law that he is entitled to interest on his award from that date at 8% per annum as provided in the statute just quoted.

Remanded for modification of the judgment to conform with this opinion. No costs.

HALL, C.J., HOWE and OAKS, JJ., and DON V. TIBBS, District Judge, concur.

DURHAM, J., does not participate herein.